Filed 6/16/26  P. v. Wilson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085252 |
| v. | (Super. Ct. No. RIF72597) |
| DUANE WILSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Charles Jacob Koosed, Judge.  Vacated and remanded with directions.

Kristen Elizabeth Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Eric A. Swenson, and Felicity Senoski, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I.

## INTRODUCTION

Defendant and appellant Duane Wilson was convicted of multiple offenses with firearm enhancements, including one count of kidnapping for robbery (Pen. Code[1] § 209, subd. (b); count 2). After an appeal and resentencing, defendant was sentenced on count 2 to seven years to life with the possibility of parole, plus four years for a gun enhancement. In a later petition for resentencing, defendant asked the trial court to (among other things) vacate his conviction on count 2, impose judgment on the lesser included offense of false imprisonment, and resentence him to a reduced term. The trial court denied the request on the ground that it lacked the discretion to do so.

Defendant contends the trial court erred because it did have the discretion to grant his request. We agree the trial court erred and remand for a full resentencing. This result moots defendant's remaining challenges to his sentence, which we need not address since defendant may revisit the issues on remand.

---

[1] Unless otherwise noted, all further statutory references are to the Penal Code.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

In 1997, defendant committed an armed robbery of a restaurant. (See *People v. Wilson* (Nov. 14, 1999, E022922) [nonpub. opn.].) During the robbery, defendant ordered four restaurant employees to follow his commands at gunpoint. Defendant ordered them around the restaurant, directed them to open a safe, and forced three of them into a boiler room, blocked the exit, and then fled.

Defendant was convicted of kidnapping for purposes of robbery (§ 209, subd. (b); count 2); kidnapping (§ 207, subd. (a); counts 1, 3, & 4); robbery (§ 211; counts 5 & 6); assault with a deadly weapon (§ 245, subd. (a)(l); count 7); and being a felon in possession of a firearm (§ 12021, subd. (a); count 8). The jury also found it true that defendant personally used a firearm in committing counts one through six (§ 12022.5, subd. (a)). The trial court sentenced defendant to a term of life with the possibility of parole on the kidnapping for robbery conviction, plus a consecutive 10-year term for the gun use enhancement. On the remaining counts and enhancements, the court sentenced defendant to serve an aggregate determinate term of 52 years and 4 months.

---

[2] We need provide only a truncated version of the facts and background of this case given our resolution of the first issue on appeal.

This court later reduced defendant's kidnapping convictions (counts 1, 3, & 4) to false imprisonment (§§ 236, 237) and remanded for resentencing. (*People v. Wilson*, *supra*, E022922.) Defendant's total term was 36 years and four months. As relevant here, the trial court then sentenced defendant to a term of life with the possibility of parole for the kidnapping-for-robbery conviction (count 2), plus a consecutive 10-year term for the associated gun use enhancement. The court also imposed sentences for the gun use enhancements on counts 1, 3, 4, 6, and 7.

In 2024, defendant petitioned for resentencing under various new changes to the law. As relevant here, defendant asked the court to (1) reduce count 2 (kidnapping-for-robbery) to the lesser included offense of false imprisonment and (2) dismiss all but one of the gun enhancements. The court denied both requests and sentenced defendant to a term of seven years to life on count 2, plus 13 years and eight months for the remaining offenses and gun enhancements.

III.

DISCUSSION

Defendant raises three arguments on appeal. First, he contends the trial court misunderstood or was unaware that it had discretion to vacate his conviction on count 2, impose judgment on the lesser included offense of false imprisonment, and sentence him accordingly. Second, defendant contends the trial court abused its discretion in declining to strike all but one of the gun enhancements. Third, he argues his attorney was

4

ineffective for failing to argue that the court had discretion to stay the counts with longer terms.

We agree with defendant's first argument and conclude the error was prejudicial. We therefore remand for a full resentencing. As a result, we need not and do not address defendant's remaining arguments.

Under section 1172.1, subdivision (a)(3)(B), the trial court may "in the interest of justice . . . [v]acate the defendant's conviction and impose judgment on any necessarily included lesser offense or lesser related offense . . . then resentence the defendant to a reduced term of imprisonment." Defendant thus asked the trial court at the hearing on his petition to "move" his conviction on count 2 "from a kidnap to false imprisonment as the other counts in his sentencing were false imprisonment."

The trial court viewed defendant's request as a challenge to the sufficiency of the evidence and explained that it was "not in a position to sit here as an appellate court and review the record for factual insufficiency." The court noted that this court already "looked at" that issue and rejected it in our prior opinion when we reduced three of defendant's four kidnapping-for-robbery convictions. The court thus found it inappropriate for defendant to "come back at sentencing and say, Judge, we want you to reduce count 2." The court was "not inclined to do that" and did not think "it would be appropriate . . . to do that." The court reasoned that it did not "have the discretion to simply strike that sentence" on count 2 because "[t]here's nothing else for me to even look at." Instead, the court believed defendant's imposed sentence on count 2 was what

5

"the code section . . . provides for."  The court therefore denied defendant's request to reduce count 2 to false imprisonment and resentence him for that offense.  The court then went on to discuss the gun enhancements, noting that it "did have discretion" to revisit them.

The court's comments confirm that it was unaware it had the discretion under section 1172.1, subdivision (a)(3)(B) to reduce defendant's kidnapping-for-robbery conviction on count 2 to false imprisonment and resentence him to a reduced term for that offense.  The trial court thus abused its sentencing discretion.  (*In re White* (2020) 9 Cal.5th 455, 470.)[3]

When, as here, the trial court is unaware of its sentencing discretion, we must remand for resentencing unless the record *clearly indicates* that the trial court would have made the same decision if it had been aware of its discretion.  (*People v. Salazar* (2023) 15 Cal.5th 416, 424.)[4]  The record does not indicate that.  If anything, it indicates that the trial court might have imposed a lesser sentence on count 2 if it believed it had the discretion to do so.

The trial court made comments at the resentencing hearing that suggest the court believed defendant deserved a lower sentence because of his progress in rehabilitation.  The court said he was "a changed man," which the court "respect[ed]" and

---

[3]  We note that the People effectively concede the error.

[4]  The People incorrectly argue we apply the less-stringent *Watson* standard to assess the error.  (*People v. Watson* (1956) 46 Cal.2d 818, 836.)

6

"applaud[ed]." In fact, the court "urge[d] Parole to parole him," because he was "somebody that should get paroled and not spend the rest of their life in prison." On the other hand, the court declined to strike or stay the gun enhancements because defendant's conduct was "extremely dangerous, extremely frightful" to the victims, and that "you don't just wash it all away and say just forget all of that stuff I did because I'm a changed person." Instead, there was "some middle ground" that the court found "appropriate in this situation."

Given these comments, we cannot say that the record clearly indicates that the trial court would make the same decision had it known it had the discretion to reduce count 2 to false imprisonment and resentence defendant to a lesser term on that offense. We therefore remand for a full resentencing. (See *People v. Terwilligar* (2025) 109 Cal.App.5th 585, 601; *People v. Moseley* (2024) 105 Cal.App.5th 870, 874; *People v. Marcus* (2020) 45 Cal.App.5th 201, 214 ["Because there are multiple counts and discretionary decisions at play, the trial court may consider the entire sentencing scheme and reconsider all sentencing choices."]; *People v. Byucks* (2018) 5 Cal.5th 857, 893.) This conclusion moots defendant's remaining arguments on appeal, which he may raise on remand. (See *People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425; *People v. Gutierrez* (2026) 118 Cal.App.5th 622, 638, fn. 8.)

IV.

DISPOSITION

Defendant's sentence is vacated and the matter is remanded for a full resentencing hearing. At the hearing, the trial court is directed to reconsider defendant's 2024 petition for resentencing. Following resentencing, the trial court shall forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

MILLER
Acting P. J.

FIELDS
J.